In the Matter of ALBERT Ross, Appellant, against S. HOWARD COHEN et al., Constituting the Board of Elections of the City of New York, et al., Respondents, and EDWARD VOGEL, Intervener, Appellant.

Argued June 12, 1940; decided July 24, 1940.

*Reginald S. Hardy* for petitioner, appellant. The term of office of the successor to the resigned member of the City Council will expire on December 31, 1940. (New York City Charter, § 24; N. Y. Const. art. 13, § 8; *Matter of Burke* v. *Cohen*, 265 N. Y. 210; *Matter of Mott* v. *Krug*, 278 N. Y. 457; *People ex rel. Dietz* v. *Hogan*, 214 N. Y. 216; *Matter of Schwab* v. *Boyle*, 174 App. Div. 442; 219 N. Y. 561; *Needleman* v. *Voorhis*, 254 N. Y. 339; Cons. Laws, ch. 47, § 38; *Matter of MacAdams* v. *Cohen*, 236 App. Div. 361; *People ex rel. Weller* v. *Townsend*, 102 N. Y. 430.) The election of a Councilman to fill the vacancy created by the resignation must be conducted pursuant to chapter 43 of the New York City Charter. (*Johnson* v. *City of New York*, 274 N. Y. 411; Charter, § 1002-a.)

*E. Ivan Rubenstein* and *George Rosling* for intervener, appellant.

*William C. Chanler*, Corporation Counsel (*Edward J. McGratty, Jr., Russell Lord Tarbox* and *Oscar L. Tucker* of counsel), for respondents. The Council had no power to designate the intervener to serve as the resigned member's successor beyond December 31, 1940. (*Matter of Burke* v. *Cohen*, 265 N. Y. 210; *People ex rel. Deitz* v. *Hogan*, 214 N. Y. 216; *People ex rel. Weller* v. *Townsend*, 102 N. Y. 430; *Matter of MacAdams* v. *Cohen*, 236 App. Div. 361; 260 N. Y. 559; *People ex rel. Eldred* v. *Palmer*, 154 N. Y. 133.) Chapter 43 of the charter is inapplicable to the election

of a successor to fill the vacancy created by the resignation. The vacancy must be filled in accordance with the provisions of the general laws relating to elections. (*Johnson* v. *City of New York*, 274 N. Y. 411.)

SEARS, J.   The Council of the City of New York, elected at the general election in 1939 by proportional representation as provided in chapter 43 of the charter of the city (effective January 1, 1938), consisted of twenty-one members, seven of whom were elected from the borough of Brooklyn. The term of office of the members so elected was from January 1, 1940, to December 31, 1941.   On March 4, 1940, John Cashmore, one of the members elected from Brooklyn, resigned as a Councilman and a vacancy was thus created. On March 12, 1940, the members of the Council, acting under the provisions of section 24 of the charter, chose Edward Vogel to fill the vacancy, and the resolution adopted by the Council provided that he should serve for the unexpired term of Cashmore.

This proceeding was instituted by a resident and voter of the borough of Brooklyn, to require the City Clerk to certify that the vacancy in the Council caused by the resignation of John Cashmore must be filled at the general election to be held November 5, 1940, and to require the Board of Elections to conduct such election by the system of proportional representation as provided in chapter 43 of the charter.   Edward Vogel has intervened herein.   The proceeding calls for answers to two questions, one, must the vacancy caused by the resignation of John Cashmore in the Council be filled at the next general election, and, two, if it must be, how shall the election be conducted?

The first question is easy of answer.   By section 8 of article XIII of the Constitution of the State it is provided: " The legislature shall provide for filling vacancies in office, and in case of elective officers, no person appointed to fill a vacancy shall hold his office by virtue of such appointment longer than the commencement of the political year next succeeding the first annual election after the happening of the vacancy." (See, also, Public Officers Law [Cons. Laws,

ch. 47], § 38.) In *Matter of Burke* v. *Cohen* (265 N. Y. 210) we held that the language of the Constitution above quoted (then contained in article X, section 5, of the Constitution) applies to all elective city offices. It follows that despite the language of the resolution of the City Council fixing the term of office of their appointee, Edward Vogel, as the " unexpired term," his term of office expires on the 31st of December, 1940. He himself seems to admit this but submits that no machinery is provided by law applicable to filling the vacancy at the next general election and that he will, therefore, continue to hold over as an incumbent under the provisions of section 5 of the Public Officers Law. We reject this contention for we are of the opinion that elective machinery is provided by law for the filling of the vacancy.

The petitioner contends that the vacancy must be filled by an election conducted in accordance with the terms of chapter 43 of the city charter, that is, by the system of proportional representation. The respondents, however, submit that the vacancy is to be filled by an election conducted under the provisions of the Election Law (Cons. Laws, ch. 17). We had occasion to examine chapter 43 of the charter when its constitutionality was attacked in *Johnson* v. *City of New York* (274 N. Y. 411). In the course of the opinion, its general provisions are stated and analyzed. The underlying principle of the system is to secure minority representation in the city's legislative body. It is not necessary to repeat the statements and analysis contained in the opinion in the *Johnson* case. It is self-evident that the machinery adapted for the election of a number of persons from a single district is wholly unfitted for the replacement of one of several. Let us consider a single feature. The number of Councilmen to be elected from any borough is fixed at one Councilman for every 75,000 votes cast, plus one for a remainder of 50,000 or more. In counting the ballots any candidate who receives 75,000 votes is at once declared elected. The affidavits in this proceeding show that it is probable that upwards of 950,000 votes will be cast in the borough of Brooklyn at the coming election.

How then can a single vacancy be filled? To apply chapter 43 of the charter to the coming election would require many provisions to be disregarded and the adjustment of a system designed to secure minority representation to a case where minority representation is impossible. No such absurd result could have been within the contemplation of the draftsmen of the chapter or of the electors on whose votes the enactment of the chapter depended.

It is significant that the chapter contains no provision for the filling of vacancies. As we have indicated, the general provisions of the charter are inappropriate for that purpose. We conclude that the law of the State relating to elections continues applicable to such a case. Nothing in the Election Law inappropriate to such election has been pointed out and we have found nothing. Of course an election by a majority vote to fill this vacancy may result in unbalancing to some degree majority and minority representation, but that is inevitable if an election by the People to fill the single vacancy is required, and that it is required we have already shown by the quotation from the Constitution.

We reach the conclusion, therefore, that the vacancy in the Council arising from the resignation of John Cashmore must be filled at the next annual election which occurs on November 5, 1940, and that the election is to be held pursuant to the provisions of the Election Law.

The order should be affirmed, without costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Order affirmed.