Leslie J. Harmer, Esq. Village Attorney, Sodus Point
You have asked several questions relating to the membership of your village's zoning board of appeals. Your letter indicates that four of the current members of the five-member board were appointed for three-year terms and that the fifth member is filling a vacancy for the balance of a three-year term.
You have indicated that the terms of your five-member zoning board of appeals are inconsistent with the provisions of section 7-712 of the Village Law. A review of that section indicates that the members of a five-person zoning board of appeals are to serve for five-year staggered terms. A local law of the village is to the same effect.
Several of your questions are dependent on the answer to the basic question whether the zoning board of appeals has five vacancies in that the members were not appointed in accordance with State and local statutory requirements. The current members were appointed for three-year terms when State and local laws provided that their terms were to be five years. It has been decided that the designation of a term of office by the appointing authority that is inconsistent with the term provided by law has no effect upon the legal period during which that person will hold his office (Matter of Ross v Cohen, 283 N.Y. 388 [1940]; 1971 Op Atty Gen [Inf] 49). The officers would serve for the legal term. You informed us, however, that the predecessors of the current members of the zoning board of appeals also were appointed for three-year terms in violation of the five-year statutory requirement. The current officeholders were appointed after their predecessors had served only three years, thus abbreviating their "legal" terms of office. While not free from doubt, we find no basis for deciding that previous irregularities of this nature have tainted the current appointees. Otherwise, governmental action might readily be subject to attack on account of technical deviations in the past. The continuity of governmental operations should not be disrupted without a substantial basis. We believe that the current members are deemed to have five-year terms in accordance with the statute (Matter of Ross, supra; 1971 Op Atty Gen [Inf] 49). Thus, in response to your first questions, the current members of the zoning board of appeals legally hold office and the board has the authority to act.
You informed us that one of the members of the board, Ms. Potter, was appointed to fill a vacancy in that position. You indicated that this member informed the mayor that her term was to expire on March 31, 1988 and that she requested that she be reappointed. At the annual meeting of the board of trustees on April 4, 1988, the mayor appointed a different person to fill this seat. Thereafter, it became apparent that Ms. Potter's term did not expire in that she was appointed in July, 1987 to fill the unexpired portion of the term of a vacant position (see Village Law, § 3-312 [3]). The term of the office Ms. Potter was appointed to fill commenced in April of 1987. Our earlier analysis would apply, meaning that Ms. Potter's term was for the balance of a five-year term. Thus, Ms. Potter's term of office has not yet expired.
You have asked whether Ms. Potter continues to serve on the board. In our view, Ms. Potter continues to hold her seat on the board. Her term did not expire in that under the Village Law she was appointed to fill the vacancy for the balance of the unexpired term (ibid.). Nor did Ms. Potter resign in accordance with the procedure established by State law (Public Officers Law, § 31).
Your remaining questions deal with whether the village can modify the expiration dates of the terms of offices comprising the zoning board of appeals. You inquire whether the change in the staggering of terms can be accomplished through action solely by the mayor or whether action by the board of trustees is necessary.
In our view, these changes can only be made through the enactment of a local law by the board of trustees, the legislative body for the village. We believe that villages have authority to enact a local law reconstituting the zoning board of appeals (1986 Op Atty Gen [Inf] 128). Such a local law may set forth initial terms so as to stagger the expiration dates of the offices on the zoning board of appeals (ibid.). In our previous opinion, we explained that villages are authorized to amend or supersede provisions of the Village Law so long as they are acting within the scope of their local law powers (ibid.). Villages possess the authority to enact local laws in relation to the health, safety and welfare of persons or property in the village and in relation to the powers, duties, qualifications, number, mode of selection and removal and terms of office of their officers and employees (ibid.). Thus, we found that a village can enact a local law modifying section7-718 of the Village Law to establish different membership provisions for the planning board. In our view, this grant of authority also permits the amendment of section 7-712 of the Village Law with respect to the membership and terms of members of the zoning board of appeals. We believe that your village may utilize this grant of authority to adjust the terms of future members of the zoning board of appeals so as to re-stagger the terms of these offices.
We conclude that the designation of a term of office by the appointing authority that is inconsistent with the statutory term has no effect and the appointee will serve for the legal term of office.